UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MIKE PETINSKY,                                : Case No.
Individually,                                 :
                                              :
            Plaintiff,                        :
v.                                            :
                                              :
WEST-9-PLAZA INC.,                            :
a Florida for Profit Corporation,             :
                                              :
            Defendant(s).                     :
_____ /

# **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, MIKE PETINSKY, Individually, on his own behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiff"), hereby sue the Defendant, WEST-9-PLAZA INC., a Florida for Profit Corporation., (sometimes referred to as "Defendant" or "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and Florida Accessibility Code ("FAC").

1.      Defendant's property is located at 330 WEST 9th STREET, Hialeah, Florida 33010 in the County of Miami-Dade.

2.      Venue is properly located in the Southern District because venue lies in the judicial district of the property *situs*. The Defendant's property is located in and does business within this judicial district.

3.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

1

Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.   See also 28 U.S.C. § 2201 and § 2202.

4.      Plaintiff, MIKE PETINSKY, is *sui juris*, is a resident of Broward County, and qualifies as an individual with a disability as defined by the ADA. Plaintiff has visited the property, which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

5.      Defendant, WEST-9-PLAZA INC., a Florida for Profit Corporation, own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases or leases to is commonly known within the community as WEST 9 PLAZA INC.

6.      Plaintiff, MIKE PETINSKY has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to this property, as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et., seq*.

8. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

    a. There is an insufficient number of complaint accessible parking spaces and access aisles. They are not evenly dispersed throughout the facility. Some have improper slopes;

    b. There is a lack of compliant accessible route throughout the facility and to all the goods, services, and features. There are non-compliant curb approaches, with insufficient landing. Clearance and improper slopes. There are obstructions impeding the sidewalk passage for wheelchair users;

    c. There are an insufficient number of accessible seating position/ tables inside and outside of Ricky's Cafeteria;

    d. Defendant fails to maintain it's accessible features and fails to adhere to a policy, procedure and practice to ensure that the goods, services, and services, facilities are readily accessible to and usable by disabled persons;

**RESTROOM:**

    e. The passage to one restroom is obstructed by thick rubber mats with deep holes and a narrow area;

    f. The hardware on the entry and on the sinks require twisting and/or grasping of the wrist to operate;

    g. The entry doors are too narrow;

    h. There is insufficient maneuvering clearance due to cleaning supplies, buckets, and other stored items;

    i. The sinks are inaccessible;

    j. The pipes under the sinks are not insulated;

    k. There is a lack of compliant grab bars;

    l. Amenities are obstructed, and/ or improperly located;

9. The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public

accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

10.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*.

11.     Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.     Plaintiff is without adequate remedy at law is suffering irreparable harm.   Plaintiff has retained the undersigned counsels and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

13.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including

5

individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. § 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages

or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 26, 2014

Respectfully Submitted,

Of-Counsel for Plaintiff
By: /S/ Jason F. Valentin
Jason F. Valentin, Esq.,of-counsel
Fla. Bar No.: 97356
Thomas B. Bacon, P.A.
1888 N.W. 7th Street
Miami, Florida 33125
Tel: (914) 618-2653
Fax: (305) 643-3334
E-Mail:valentin@thomasbaconlaw.com

By:_____
Thomas B. Bacon
Fla. Bar No.: 139262
Thomas B. Bacon, P.A
4868 S.W. 103rd Ave.
Cooper City, Florida, 33328
Tel: (954) 478-7811
Fax: (954) 237-1990
E-Mail: tbb@thomasbaconlaw.com